IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-94-BO

| | |
|---|---|
| RICHARD AND DOLORES BRACKIN, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WAUPACA ELEVATOR COMPANY, ) | |
| INC., ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion to stay these proceedings. Plaintiffs have responded and the time for filing a reply has expired. In this posture, the matter is ripe for ruling. For the reasons that follow, defendant's motion is denied.

BACKGROUND

Plaintiffs initiated this action by filing a complaint in Brunswick County, North Carolina Superior Court on April 16, 2021. [DE 6-1]. Plaintiffs allege claims arising out of the free fall and crash of an elevator in their home which was manufactured and produced by defendant. Defendant removed the action to this Court on May 24, 2021, pursuant to the Court's federal question and diversity jurisdiction. [DE 5]. After answering the complaint, defendant filed the instant motion seeking a stay of all proceedings in this case.

On December 28, 2021, defendant entered into receivership proceedings in the Circuit Court of Outagamie County, Wisconsin. *See* [DE 21-2]; *In re Waupaca Elevator Company, Inc.*, No. 21 CV 000994 (Wis. Dec. 28, 2021). The receivership was approved by the Outagamie County court following defendant's voluntary entry into receivership for the benefit of the debtor's creditors as provided in Chapter 128 of the Wisconsin Statutes. The Outagamie County court's order provides that "all creditors and claimants of [defendant] are immediately enjoined and

restrained . . . from . . . prosecuting any action or proceedings against the [defendant], and from continuing to prosecute any action or proceeding currently pending against [defendant] . . . ." *Id.* ¶ 15.

Although a receivership under Wisconsin state law is not binding on this Court, defendant asks this Court to stay this action for the duration of the Wisconsin receivership proceeding. Plaintiffs oppose a stay.

## DISCUSSION

A district court has inherent authority to manage its docket, which includes the authority to stay litigation. *See Ryan v. Gonzales*, 568 U.S. 57, 73 (2013) (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). As defendant recognizes, the Wisconsin state receivership order is not binding on this Court. Defendant argues, however, that the Chapter 128 proceedings are sufficiently similar to federal bankruptcy proceedings such that a stay of this action is appropriate for the same reasons that a mandatory stay in bankruptcy is imposed pursuant to 11 U.S.C. § 362. As plaintiffs point out, however, there are substantial differences between the Wisconsin Chapter 128 proceeding and a federal bankruptcy proceeding, in particular the plaintiffs' avenues for establishing their claim.

Defendant also argues that *Burford* abstention is appropriate. Federal courts typically have an unflagging duty to exercise their jurisdiction to decide cases which are properly before them. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Abstention under *Burford* applies to federal courts sitting in equity

> (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

2

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (citation omitted). While "federal courts have frequently abstained to avoid interfering with state receivership proceedings," *First Penn-Pac. Life Ins. Co. v. Evans*, 304 F.3d 345, 350 (4th Cir. 2002), abstention is not necessary where, as here, there has been no assertion that the claims in the federal case are intertwined or entangled with the issues in the receivership proceeding. *New Orleans Pub. Serv.*, 491 U.S. at 358. And importantly, defendant has not identified a Wisconsin forum in which these plaintiffs' claims could be litigated. *See Teed v. JT Packard & Assocs., Inc.*, No. 08-CV-303-BBC, 2010 WL 446468, at *2 (W.D. Wis. Feb. 2, 2010) (declining to stay federal proceeding in favor of Chapter 128 receivership) (citing *Prop. & Cas. Ins. Ltd. v. Cent. Nat. Ins. Co. of Omaha*, 936 F.2d 319, 323 (7th Cir. 1991)).

In sum, defendant has not persuaded the Court that a stay of these proceedings would promote judicial economy or the interests of justice. Accordingly, and for those additional reasons outlined by plaintiffs in their opposition brief, defendant's motion to stay these proceedings is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to stay [DE 20] is DENIED.

SO ORDERED, this ⎵ day of May 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE